**QIU HUAN NING, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 06–71169.

United States Court of Appeals, Ninth Circuit.

Submitted June 5, 2007.[*]

Filed June 14, 2007.

Steve W. Baughman, Esq., Baughman & Wang, San Francisco, CA, for Petitioner.

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, David A. Carson, Esq., Denver, CO, for Respondent.

Before: LEAVY, RYMER, and T.G. NELSON, Circuit Judges.

MEMORANDUM [**]

Qiu Huan Ning, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming the Immigration Judge's denial of his applications for asylum, withholding of removal and Convention Against Torture ("CAT").

We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence and will reverse only if the record compels a contrary conclusion. *Singh–Kaur v. INS,* 183 F.3d 1147, 1149–50 (9th Cir.1999).

Because the IJ and BIA identified specific and cogent reasons for finding Ning's testimony not credible, and because the findings go to the heart of Ning's asylum claim, *see Li v. Ashcroft,* 378 F.3d 959, 962–64 (9th Cir.2004), we are not compelled to conclude that Ning's testimony was credible, *see Singh–Kaur,* 183 F.3d at 1151–52. Accordingly, we deny the petition on Ning's asylum claim.

By failing to qualify for asylum, Ning necessarily fails to satisfy the more strin-

---

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

**634**

gent standard for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

Because Ning relies on the same testimony to substantiate his CAT claim, and points to no additional evidence the IJ and BIA should have considered, his CAT claim also fails. *See id.* at 1157.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.